THE STATE, HENRY P. SCHOMP, v. JOSIAH COLE, COLLECTOR OF BRANCHBURG TOWNSHIP, SOMERSET COUNTY.

1. Special meetings of the legal voters of school districts, when regularly called by the trustees, may act in making improvements by the consent of a majority of those present.

2. It is essential that the purpose for which the tax is imposed shall be particularly designated. "For incidentals" not sufficient.

---

On *certiorari* in matter of special school tax for purchase of land, building a new school house, furnishing, painting, and for fencing the lot. The trustees of School District No. 19, on August 19th, 1887, passed a resolution to call a meeting of legal voters on August 30th, 1887, to determine what school tax, if any, should be levied on the district; due notice, setting forth the time, place and object of the meeting and specifying $3,000 as the amount of money thought necessary to be raised, was given by the district clerk, and set up at three public places within the district ten days before the meeting. The legal voters of the district so met, by the consent of a majority of those present, authorized the trustees to pay for the land purchased, $300; for building a new school house, $2,050; for painting the new school building, $275; for fences, outhouses, and painting the same, $150; "for incidentals," $75; amounting in all to $3,000; and the trustees were directed to assess the same pursuant to the statute.

The prosecutor, who was assessed $26.88 for this school tax, brings this suit to review his assessment.

Argued at November Term, 1888, before Justices SCUDDER and REED.

For the prosecutor, *H. B. Herr*.

The opinion of the court was delivered by

SCUDDER, J.   The reasons assigned for setting aside the· prosecutor's special school tax may be briefly disposed of.

The notices of the meeting, which was a special meeting· called by the trustees under section. 39 of the School act, were given by the district clerk.   This was according to· paragraph 11 of that section, which authorizes the trustees to call a special meeting of the legal voters of the district at any time when, in the judgment of said trustees, the interests of the school may require it, which meeting shall be called in the manner provided in section 86 of the act for calling the annual district meeting.   By the eighty-sixth section notice of the meeting shall be given by the district clerk, and set up in at least three public places within the district, ten days be-- fore the day of meeting.   The notice, in this form, appears· in the return to the writ, and the trustees themselves were· not required to give notice of the meeting.

It does not appear that a majority of the taxable inhabitants were present at the meeting.   By the act of 1880 (*Pamph. L.,* *p.* 225), entitled "An act for building school houses in town- ships," the presence of a majority of the taxable inhabitants of a district was necessary at their annual meeting, to vote· money to build a school house, &c.   *Point Pleasant Land Co.* v. *Trustees*, 18 *Vroom* 235 ; *Quaid* v. *Trustees*, 20 *Id.* 607.

But this act, and the subsequent amendatory act of March 22d, 1886 (*Pamph. L., p.* 101), apply only to annual meet- ings, and not to special meetings called by the trustees under section 39.   *Crandall* v. *Trustees, ante, p.* 138.   Such meet- ings, regularly called, may act by the consent of a majority of those present, as was done in this case.

The next objection, that the voting "for incidentals" the sum of $75 is unlawful, is well taken.   It is essential that.

the special appropriation and the purpose for which the tax is imposed shall be particularly designated. This has always been the construction applied to our school law, for the protection of the taxpayers. *State, Cochrane, pros.,* v. *Garrabrant,* 3 *Vroom* 444; *State, ex rel. Duryee,* v. *Greenleaf,* 5 *Id.* 441; *Banghart* v. *Sullivan,* 7 *Id.* 89.

The last objection made, that the affidavit of the district clerk to the assessment is irregular, does not say in what respect it is defective.

The district clerk has made out and signed a certificate setting forth all the proceedings, showing the exercise of the judgment of the trustees in calling a special meeting by resolution, the voters at the meeting, amount voted, and appropriations to the particular school purposes. It appears to include all that is essential by the statute. To this certificate he has annexed his oath, duly attested, that the above statement by him is correct and true.

The affidavit is thus made particular by its reference to the previous statement, which gives the facts that are required to be shown by law to make the special assessment valid.

The assessment will not be set aside, but amended by deducting the prosecutor's proportion of the $75 "for incidentals," and for the balance the tax assessment will be affirmed.